# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### FT. MYERS DIVISION

**PATRICIA LLOYD, on behalf of herself
and others similarly situated,**

                      **Plaintiff,**

-vs-                                              **Case No. 2:07-cv-711-FtM-29DNF**

**AT HOME HEALTH CARE, INC.,**

                      **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

The parties filed a Joint Motion to Approve FLSA Settlement and Joint Response to Order Requesting Additional Information to Approve FLSA Settlement (Doc. 17) and a Joint Stipulation for Dismissal With Prejudice (Doc. 18). The Plaintiff, Patricia Lloyd and the Defendant, At Home Health Care, Inc. are requesting that the Court approve the parties' settlement of the Fair Labor Standards Act ("FLSA") claim and dismiss this case. To approve the settlement, the Court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the Fair Labor Standards Act ("FLSA"). *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982), and 29 U.S.C. §216. There are two ways for a claim under the FLSA to be settled or compromised. *Id*. at 1352-3. The first is under 29 U.S.C. §216(c), providing for the Secretary of Labor to supervise the payments of unpaid wages owed to employees. *Id*. at 1353. The second is under 29 U.S.C. §216(b) when an action is brought by employees against their employer to recover back wages. *Id*. When the employees file suit, the proposed settlement must be presented to

the district court for the district court review and determination that the settlement is fair and reasonable. *Id*. at 1353-54.

The Eleventh Circuit found settlements to be permissible when the lawsuit is brought by employees under the FLSA for back wages because the lawsuit

> provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id*. at 1354.

The Plaintiff was employed by the Defendant as a C.N.A. and Home Health Aid (See, Doc. 13, p.2). The Plaintiff was represented by counsel throughout this litigation. The Plaintiff claims that she worked 1026.5 hours at a halftime rate of $6.25 per hour totaling a base overtime claim of $6,415.00. (See, Doc. 17, p. 2). The Defendant disputed the overtime claim arguing that the Plaintiff was exempt from overtime compensation due to the companion services exemption of 29 C.F.R. §552 *et al.* (See, Doc. 17, p. 2). After counsel for the Plaintiff discussed with the Plaintiff the companion services exemption from overtime compensation, the Plaintiff accepted the Defendant's offer of $2,500.00 inclusive of attorney's fees and costs to settle the claim. (See, Doc. 17, p. 2-3). Counsel for the Plaintiff entered into a contingency fee agreement with the Plaintiff under which the Plaintiff is obligated to pay a 40% contingency fee from the recovery. (See, Doc. 17, p. 3). Counsel expended 9 hours in the case, and his hourly rate ranges from $350 to $375 per hour. (See, Doc. 17, p. 3).

Counsel is charging $1,000. (See, Doc. 17, p. 2). The Court finds that the settlement is fair and reasonable.

**IT IS RESPECTFULLY RECOMMENDED:**

It is respectfully recommended that the Joint Motion to Approve FLSA Settlement (Doc. 17), and Joint Stipulation for Dismissal With Prejudice (Doc. 18) be granted, and the settlement be approved by the Court as a "fair and reasonable resolution of a bona fide dispute" of the FLSA issues. The Court further recommends that if the District Court adopts this Report and Recommendation, then the Clerk be directed to dismiss this action with prejudice and close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Respectfully recommended in Chambers in Ft. Myers, Florida this __6th__ day of May, 2008.

*Douglas N. Frazier*
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record